**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**            ) | |
| ) | |
| **vs.**                                                            ) | **CRIMINAL NO.  04-00072-WS** |
| ) | |
| **RICARDO BUITRON,**                            ) | |
| ) | |
| **Defendant.**                  ) | |

**ORDER**

This matter is before the Court pursuant to the Eleventh Circuit's order "vacat[ing] Buitron's sentence and remand[ing] his case to the district court for resentencing" in light of *United States v. Booker*, 125 S. Ct. 738 (2005).  (Doc. 118 at 10).  The defendant is **ordered** to file and serve, on or before **October 21, 2005**, a statement of position as to whether hearing or argument is required prior to re-sentencing, given the Eleventh Circuit's indication that, following remand for statutory *Booker* error, a defendant may present only evidence that was not relevant under a mandatory guidelines regime.[1]  The defendant's statement of position shall identify the evidence, if any, he desires to offer for purposes of re-sentencing.

While a defendant apparently has the right to be present and to allocute when he is re-sentenced following a vacation of his sentence in its entirety,[2] both rights can be waived.[3]  The

---

[1] *United States v. Rolle*, 2005 WL 1715747 at *1 n.1 (11th Cir. 2005)("Because we vacate appellant's sentences and remand the case for a new sentencing hearing — in which the court may consider evidence and arguments deemed irrelevant under the pre-*Booker* sentencing scheme — we do not address" his challenge to the district court's guidelines calculations).

This pronouncement is consistent with the rule that, "upon a resentencing occasioned by a remand, unless the court of appeals expressly directs otherwise, the district court may consider only such new arguments or new facts as are made newly relevant by the court of appeals' decision." *United States v. Whren*, 111 F.3d 960 (D.C. Cir. 1997); *accord United States v. Quintieri*, 306 F.3d 1217, 1228 n.6 (2nd Cir. 2002)(following the First, Fifth, Seventh and D.C. Circuits).

[2] *See* Fed. R. Crim. P. 43(a)(3)(defendant's presence required at sentencing); *id*. 32(i)(4)(A)(defendant must be provided the opportunity to speak "[b]efore imposing sentence");

defendant is **ordered** to file and serve, on or before **October 21, 2005**, a statement of position as to whether he waives any right to be present or to allocute, given the disruption of his living situation that the exercise of such rights would entail,[4] the ability of other witnesses to offer permitted evidence, and other factors. Defense counsel is instructed to confer with the defendant concerning these matters before submitting his statement of position.

The government is **ordered** to file and serve, on or before **October 28, 2005**, a statement of position identifying any evidence it intends to present for purposes of re-sentencing and demonstrating why the evidence has been made newly relevant by *Booker*.

DONE and ORDERED this 12th day of October, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

*United States v. Taylor*, 11 F.3d 149, 152 (11th Cir. 1994)(resentencing following vacation in the entirety constitutes the imposition of sentence for purposes of Rules 32 and 43).

[3]*See United States v. Rodriguez-Velasquez*, 132 F.3d 698, 699 (11th Cir. 1998); Fed. R. Crim. P. 43(c)(1)(B).

[4]Among any other relevant considerations, presence at resentencing would remove the defendant from his current place of incarceration with no guarantee of return to that facility or his present cell; would interrupt his participation in any drug treatment or other rehabilitation program, completion of which may be required in order to obtain a reduction in his sentence; and would require interim housing at various local jail facilities.